IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Matthew W. Kurdziolek,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **1:08cv310 (CMH/TRJ)** |
| ) | |
| **Colonel Meletis, et al.,** ) | |
| **Defendants.** ) | |

MEMORANDUM OPINION AND ORDER

Matthew W. Kurdziolek, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, against Colonel Meletis, the Superintendent of the Prince William County Adult Detention Center ("PWADC"), and the medical staff at PWADC. Plaintiff also submitted a request to proceed in forma pauperis. After reviewing plaintiff's complaint, the claims against defendants must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

I.

In November of 2007, plaintiff was transferred from the Fairfax County Adult Detention

---

[1] Section 1915A provides:

> (a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>     (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

Center to the PWADC. Plaintiff states that he has been taking a medication called Lithium for the past eight years because of his bi-polar disorder. According to plaintiff, "when taking Lithium[,] its [sic] mandatory that you get blood work done every 30 days." Plaintiff alleges that upon arriving at PWADC, he continued receiving Lithium, but no blood work was done to check the amount of Lithium in his system. Plaintiff alleges further that he asked the medical staff at PWADC on a number of occasions to do the necessary blood work, but no blood work was done. Plaintiff claims that he "suffered severe side affects [sic] from the drug itself."

Plaintiff filed his first grievance based on his request for blood work on February 29, 2008. He claims that he did not receive a response to his grievance until March 19, 2008, and he believes that he only received an answer because he filed a second grievance directly with Colonel Meletis on March 18, 2008. After filing the second grievance, plaintiff states that at about 2:00 A.M. on March 20, 2008, prison staff took his blood in order to check his Lithium levels for the first time since he had been at PWADC. Also, plaintiff complains that in response to his first grievance, he was told that he would need to see a psychiatrist, which would cost him $15.00, in order to stay on his medication. Plaintiff claims that the medical staff at PWADC have neglected their duties "by not performing the proper blood work from the very beginning" and he expresses fear that the medical staff will terminate his Lithium prescription once the blood work comes back. Plaintiff requests damages in the amount of "as much money that is alotted [sic] in a case like this."

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined

by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). Thus, the alleged facts are presumed true, and the complaint should be dismissed only when it fails to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, – U.S. –, 127 S.Ct. 1955, 1974 (2007).

### III.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Thus, each named defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against them. The instant complaint, however, fails to state a § 1983 claim against the named defendants.

Prisoners are entitled to reasonable medical care and can sue prison officials under the Eighth Amendment if such care is inadequate. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, to establish that inadequate medical treatment rises to the level of a constitutional violation, a plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Id. at 105; see also Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Under this standard, a prisoner must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must

allege deliberate indifference to that serious medical need.

For this second prong, an assertion of mere negligence or malpractice is not enough to constitute an Eighth Amendment violation. Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975) (per curiam); Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). Further, "[a] complaint that a physician has been negligent in diagnosing . . . a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 106 (1976). "Deliberate indifference may be demonstrated by either actual intent or reckless disregard." Miltier, 896 F.2d at 851. However, the prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted).

Plaintiff fails to state an actionable Eighth Amendment claim for inadequate medical care in this case because he fails to allege facts sufficient to show that the named defendants were deliberately indifferent to his serious medical needs. As to the first prong, plaintiff claims that he is bi-polar. However, apart from this description, plaintiff fails to provide further details describing his condition and any attendant symptoms or complications. A prisoner, such as plaintiff, meets his burden to allege a serious medical need by alleging facts sufficient to show that his need has been diagnosed by a physician as mandating treatment and is "so obvious" that even a lay person would easily recognize the need for a doctor's attention or is one where the denial or delay in treatment causes the inmate to suffer a "life-long handicap or loss." Coppage v. Mann, 906 F. Supp. 1025,

4

1037 (E.D.Va. 1995). Given plaintiff's failure to provide further details concerning his condition, it is unclear whether plaintiff suffers from a serious medical need. Notwithstanding this failure, however, plaintiff has failed to allege facts sufficient to show that defendants were deliberately indifferent to any medical need. As discussed, plaintiff admits that he received the blood work he had been requesting immediately after he submitted his second grievance to Meletis. Additionally, plaintiff has been notified that he will need to have an appointment with a psychiatrist who will re-assess plaintiff's need for his medication and the appropriate dosage.[2] Plaintiff's main complaints appear to be that he did not receive the blood work he requested as promptly as he would have liked and that he was dissatisfied with the dosage of Lithium he was given upon arriving at PWADC. Although plaintiff may disagree with the treatment for his bi-polar condition, such disagreement over the proper course of medical treatment does not state a claim for which relief can be granted in this § 1983 proceeding. Russell v. Sheffer, 528 F.2d 318, 318 (4th Cir. 1975). Further, plaintiff has not attributed any injury to the delay in his blood work. Moreover, plaintiff styles his complaint as one of "Medical Incompetence/Malpractice." However, an assertion of medical malpractice is insufficient to state a cognizable Eighth Amendment violation. Miltier, 896 F.2d at 851; see Estelle, 429 U.S. at 106. Because plaintiff has failed to demonstrate either that he had a serious medical need or that Meletis[3] or any member of the medical staff at PWADC acted with deliberate indifference

---

[2] Although plaintiff states his fear that his appointment with the psychiatrist will lead to a discontinuation of his prescription for Lithium, the complaint does not suggest that any prison official or member of the medical staff has discontinued his prescription or informed plaintiff that anyone intends to discontinue his medication.

[3] To the extent that plaintiff intended to raise a claim against Meletis on the theory that he violated plaintiff's constitutional rights because he is responsible for the actions of his subordinates, plaintiff also fails to state a claim. In certain circumstances, supervisory officials may be held liable for the constitutional injuries inflicted by their subordinates. See Shaw v. Stroud, 13 F.3d 791, 798

to that need, plaintiff has failed to allege facts sufficient to state a claim that the medical care defendants provided rose to the level of an Eighth Amendment violation. Accordingly, this complaint must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

Accordingly, it is hereby

ORDERED that this complaint (Docket # 1) be and is DISMISSED WITH PREJUDICE for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1);[4] and it is further

ORDERED that plaintiff is advised that, pursuant to 28 U.S.C. § 1915(g),[5] this dismissal may affect his ability to proceed in forma pauperis in future civil actions; and it is further

ORDERED that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act; and it is further

---

(4th Cir. 1994) (citing Slakan v. Porter, 737 F.2d 368 (4th Cir. 1984)). This liability, however, is not premised on respondeat superior, but upon "a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Id. at 798 (quoting Slankan, 737 F.2d at 372-73). "[L]iability ultimately is determined 'by pinpointing the persons in the decision-making chain whose deliberate indifference permitted the constitutional abuses to continue unchecked.'" Id. at 798 (quoting Slakan, 737 F.2d at 376). Because the complaint makes clear that no medical personnel at PWADC violated plaintiff's constitutional rights, Meletis cannot be liable in a supervisory capacity. Furthermore, plaintiff concedes that it was after making Meletis aware of his request for blood work that plaintiff received the medical attention he was requesting. Accordingly, any claim plaintiff is making against Meletis in a supervisory fails to state a claim.

[4] This dismissal, however, is not meant to prejudice plaintiff's ability to bring an appropriate claim in state court.

[5] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

6

ORDERED that plaintiff's request to proceed in forma pauperis (Docket # 2) be and is DENIED as moot.

To appeal, plaintiff must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court.

The Clerk is directed to send of copy of this Order to plaintiff and to close this civil case.

Entered this 4th day of June 2008.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia